**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**JOHN M. TISCH** **PLAINTIFF**

**V.** **No. 4:26-CV-00177-JM-ERE**

**SOCIAL SECURITY ADMINISTRATION,**
**COMMISSIONER** **DEFENDANT**

**RECOMMENDED DISPOSITION**

This Recommended Disposition ("RD") has been sent to United States District Judge James M. Moody, Jr. You may file objections if you disagree with the findings and conclusions set out in the RD. Objections should be specific, include a factual or legal basis, and be filed within fourteen days. If you do not object, you risk waiving the right to appeal questions of fact.

## I. Background

On July 15, 2021, Mr. John Tisch filed an application for benefits due to lumbar pain, degenerative disc disease, fibromyalgia, chronic headaches, hypertension, eczema, and depression. *Tr. 17, 245*. His claim was denied initially and upon reconsideration. At a January 21, 2025 hearing, an Administrative Law Judge ("ALJ") heard testimony from Mr. Tisch and a vocational expert ("VE"). *Tr. 37-65*. The ALJ issued a decision on February 4, 2025, finding that Mr. Tisch was not disabled. *Tr. 17–31*. The Appeals Council denied his request for review, making the ALJ's decision the final decision of the Commissioner. *Tr. 1-3*.

Mr. Tisch, who was forty-eight years old at the time of the hearing, has a high school education and no past relevant work. *Tr. 30, 41-42.*

## II. The ALJ's Decision[1]

The ALJ found that Mr. Tisch had not engaged in substantial gainful activity from his alleged onset date of July 9, 2016 through June 30, 2020, his date last insured. The ALJ identified the following severe impairments: obesity, post lumbar fusion with residual chronic pain, degenerative disc disease of cervical spine with cervicogenic headaches, and fibromyalgia. *Tr. 20*. The ALJ concluded that Mr. Tisch did not have an impairment or combination of impairments that met or equaled an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Tr. 22.*

According to the ALJ, Mr. Tisch had the residual functional capacity ("RFC") to perform light work, with the following limitations: (1) occasional overhead reaching with the bilateral upper extremities; (2) no climbing ladders, ropes, or scaffolds; (3) occasional balancing, kneeling, stooping, crouching, crawling, and climbing of ramps and stairs; (4) occasional exposure to hazards; (5) no work with

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. § 404.1520(a)-(g).

vibrating tools; (6) unskilled work; and (7) no work requiring a specific production rate but can perform to end of workday measures. *Tr. 22.*

Based on the VE's testimony, the ALJ found that a substantial number of potential jobs were available in the national economy that Mr. Tisch could perform, including merchandise marker, package sorter, and small products assembler. *Tr. 30, 58.* Accordingly, the ALJ found that Mr. Tisch was not disabled.

## III. Discussion

### A. Standard of Review

In this appeal, the Court must review the Commissioner's decision for legal error and determine whether the decision is supported by substantial evidence on the record as a whole. *Brown v. Colvin*, 825 F.3d 936, 939 (8th Cir. 2016) (citing *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010)). "Substantial evidence" in this context means "enough that a reasonable mind would find [the evidence] adequate to support the ALJ's decision." *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009) (citation omitted). In making this determination, the Court must consider not only evidence that supports the Commissioner's decision, but also evidence that supports a contrary outcome. *Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015). The Court will not reverse the Commissioner's decision, however, "merely because substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (citation omitted).

**B. Mr. Tisch's Arguments for Reversal**

Mr. Tisch argues that the Commissioner's decision is not supported by substantial evidence because the ALJ: (1) failed to fully and fairly develop the record; (2) erred in the Step Two severity analysis; (3) improperly evaluated the subjective complaints; and (4) erred in the RFC finding. *Doc. 6*. After carefully reviewing the record as a whole, I recommend affirming the Commissioner's decision.

**C. Analysis**

**1. Develop the Record**

Mr. Tisch asserts that the ALJ should have developed the record further because "[t]here was no opinion evidence developed that addressed [the relevant] time period that was accepted as reliable by the ALJ." *Doc. 6.* Mr. Tisch argues that "[w]hile there was no outstanding request[] pending for treatment records . . . and [the] treatment evidence record was complete, the opinion evidence was not complete." *Id.*

An ALJ has a basic duty to develop a reasonably complete record. *McCoy v. Astrue*, 648 F.3d 605, 612 (8th Cir. 2011); *Clark v. Shalala*, 28 F.3d 828, 830-831 (8th Cir. 1994). Mr. Tisch "has the burden to offer the evidence necessary to make a valid decision about [his] claim." *Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir. 2006). He "bears a heavy burden in showing the record has been inadequately

developed. He must show both a failure to develop necessary evidence and unfairness or prejudice from that failure." *Combs v. Astrue*, 243 F. App'x 200, 204 (8th Cir. 2007). "[A]n ALJ does have a duty to develop the record, [but] this duty is not never-ending . . . ." *McCoy v. Astrue*, 648 F.3d 605, 612 (8th Cir. 2011).

Mr. Tisch appears to be arguing that the ALJ, in 2025, should have sought additional opinions about Mr. Tisch's functional abilities from 2016 to 2020. This argument is meritless. "A consultative examination tells what a claimant can do functionally, at that particular point in time, and an exam ordered 3 to 4 years after the end of the relevant time-period would have little evidentiary value." *Wilson v. Kijakazi*, No. 2:21-CV-98-LPR-JTR, 2022 WL 4356183, at *3 (E.D. Ark. Sept. 20, 2022).[2] In fact, there was a 2025 opinion by treatment provider Dr. Matthew Self, but it was rejected because, among other things, it was "remote in time from the applicable period of alleged disability . . . ." *Tr. 29.*

"On appeal the claimant must establish that the ALJ's failure to develop the record was unfair or prejudicial in order to warrant reversal on this basis." *Haley v. Massanari*, 258 F.3d 742, 750 (8th Cir. 2001). Here, the medical evidence provided substantial evidence to support the ALJ's findings. For example, the ALJ acknowledged that state agency consultants Dr. Robert Reed and Dr. James Hinchen

[2] Report and recommendation adopted, No. 2:21-CV-00098-LPR-JTR, 2022 WL 17979794 (E.D. Ark. Dec. 28, 2022).

found that Mr. Tisch could perform the full range of light work. *Tr. 28.* However, for reasons sufficiently explained in the written opinion, the ALJ concluded that Mr. Tisch was limited to a reduced range of light work. *Id.* The ALJ also properly considered Mr. Tisch's subjective complaints and the medical records as a whole. *Tr. 29.* No additional, remote opinion evidence was necessary.

Mr. Tisch has not met his burden of establishing that the record was insufficient to support the ALJ's findings.

**2. Step Two Severity Analysis**

Mr. Tisch asserts that the ALJ erred in the severity analysis because the ALJ did not adopt or discuss all the impairments he alleged in a memorandum submitted before the January 21, 2025 hearing. *Doc. 6*, *Tr. 378-399.*

As Defendant points out, Mr. Tisch's passing reference to most of these impairments is insufficient to support a valid argument on appeal. *Aulston v. Astrue*, 277 F. App'x 663, 664 (8th Cir. 2008) (declining to consider a claimant's "undeveloped argument" on appeal). Mr. Tisch's more developed arguments boil down to his disagreement with the ALJ's interpretation of the evidence of record. However, the issue before the Court is not whether substantial evidence supports Mr. Tisch's claim, but whether substantial evidence supports the ALJ's decision. "So long as substantial evidence supports the ALJ's decision, [the Court] will not reverse even if substantial evidence would have supported a contrary decision or

even if [the Court] would have decided the case differently." *Pierce v. Kijakazi*, 22 F.4th 769, 771 (8th Cir. 2022). Finally, Mr. Tisch appears to overlook contrary evidence. For example, he argues that the ALJ failed to sufficiently consider his shoulder pain, but that impairment is clearly accounted for in the RFC's bilateral upper extremity limitation to occasional overhead reaching.

The record supports the ALJ's decision regarding Mr. Tisch's credible impairments and their effects on his ability to work.

### 3. Subjective Complaints

Mr. Tisch contends that the ALJ failed to properly evaluate his subjective complaints and apply the *Polaski* factors. *Doc. 6.*

Normally, the Court should defer to an ALJ's assessment of the claimant's subjective complaints. *Grindley v. Kijakazi*, 9 F.4th 622, 630 (8th Cir. 2021). An ALJ's brevity is not reversible error so long as the ALJ's reasoning allows for "appropriate judicial review." *Id.* When evaluating the consistency between subjective complaints and the record as a whole, an ALJ considers, in addition to the objective medical evidence, various factors, including: a claimant's daily activities; the duration, frequency, and intensity of symptoms; the dosage and effectiveness of medication; precipitating and aggravating factors; and functional restrictions. *See* Social Security Ruling 16-3p, 2017 WL 5180304, *2 (Oct. 25, 2017); *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). A claimant's subjective allegations

may be discounted if the evidence, as a whole, is inconsistent with the allegations. *Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir. 2006). In short, an ALJ may discredit some or all of the subjective statements in the record, based on a review of the above *Polaski* factors. The ALJ need not explicitly discuss each of the *Polaski* factors in the written decision if it is clear they were considered. *Tucker v. Barnhart*, 363 F.3d 781, 783 (8th Cir. 2004).

The ALJ conducted a thorough review of the medical evidence and pointed out inconsistencies between Mr. Tisch's complaints and the record. For example, the ALJ noted the "relatively unremarkable examination findings," "sporadic routine, conservative treatment with little change in medical therapy for the current period of alleged disability," and activities of daily living beyond what "one would expect, given the complaints of disabling symptoms and limitations." *Tr. 23-29.*

The ALJ properly listed the relevant impairments, discussed them, and scrutinized the medical records, ultimately finding that Mr. Tisch was not disabled. *Martise v. Astrue*, 641 F.3d 909, 924 (8th Cir. 2011) (holding that the ALJ "properly considered the combined effects of [the claimant's] impairments" after discussing each impairment and providing a synopsis of the medical records).

The record contains substantial evidence to support the ALJ's finding that Mr. Tisch could perform a reduced range of light work.

### 4. The RFC is Supported by the Record

Mr. Tisch argues that the ALJ's conclusion that he could perform a reduced range of light work is "supported by neither the medical evidence nor the testimony." *Doc. 6 at 17*.

Mr. Tisch bears the burden of proving his RFC, which represents the most he can do despite the combined effects of his credible limitations. *Despain v. Berryhill*, 926 F.3d 1024, 1027 (8th Cir. 2019); 20 C.F.R. § 416.945(a)(1). "It is the ALJ's responsibility to determine a claimant's RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and [the] claimant's own descriptions of [his] limitations." *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). The ALJ must consider all the claimant's symptoms and the extent to which those symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1529.

"The standard for substantial evidence is not high," and the ALJ's RFC finding, based on the entire record, is supported by substantial evidence. *Ross v. O'Malley*, 92 F.4th 775, 778 (8th Cir. 2024).

Again, Mr. Tisch simply disagrees with the ALJ's assessment of the evidence supporting the RFC. As previously mentioned, the issue before the Court is not whether substantial evidence supports Mr. Tisch's claims, but whether it supports the ALJ's decision. *Pierce v. Kijakazi*, 22 F.4th 769, 771 (8th Cir. 2022). The ALJ

conducted a thorough review of the medical evidence and pointed out inconsistencies between Mr. Tisch's claims and the record.

Mr. Tisch has presented no convincing argument of reversible error related to the RFC.

## IV. Conclusion

As set out above, the ALJ applied proper legal standards in evaluating Mr. Tisch's claims, and substantial evidence supports the decision to deny benefits.

IT IS THEREFORE RECOMMENDED that the Court affirm the Commissioner's decision and enter judgment in favor of the Commissioner.

Dated 24 September 2026.

UNITED STATES MAGISTRATE JUDGE